### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**BRANDON FIELDS # 84806**                                                    **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 3:17cv384-DPJ-RHW**

**PELICIA HALL**                                                             **DEFENDANT**

#### REPORT AND RECOMMENDATION

Before the Court is [1] Petitioner Brandon Fields' May 19, 2017 petition for federal habeas corpus relief filed pursuant to 28 U.S.C. § 2254, and [15] Respondent Pelicia Hall's September 11, 2017 motion to dismiss the petition.  Fields filed no response to the motion. Having reviewed and considered the pleadings, records on file, and relevant legal authority, the undersigned recommends that federal habeas relief be denied and the petition, dismissed.

#### Facts and Procedural History

On December 3, 2014, Brandon Fields waived indictment and entered a petition to plead guilty in the Circuit Court of Lauderdale County, Mississippi to a charge of possession of a firearm by a felon.  That court accepted Fields' plea and sentenced him to ten years in custody of the Mississippi Department of Corrections (MDOC), five years to serve, and five years suspended with five years post-release supervision.  The sentencing court additionally ordered that Fields pay $1430.50 in fines, fees and court costs, and that he "participate in the Restitution Center Program as a condition of any early release."  [15-1]

The MDOC released Fields on parole in April 2016; he was arrested for violating parole on March 20, 2017.  [1, p. 12]  A revocation hearing on May 10, 2017 concluded with his being reinstated to parole.  [15-2], [15-3]  Fields filed the present habeas petition May 19, 2017, claiming that (1) the MDOC's failure to place him in a restitution center violated his plea

agreement and due process rights and led to the parole violation for his failure to pay court

ordered fines; (2) he was unlawfully returned from parole on a wrongfully-issued felony fugitive

warrant while he was working outside Mississippi; and (3) that his sentence has expired and he

should receive credit against his Mississippi sentence for time spent incarcerated in Louisiana

following his arrest.

On August 17, 2017, Fields was placed on earned release supervision and remanded to

the Pascagoula Restitution Center.  [15-2], [15-3], [15-4]  His last filing in this case was an

August 24, 2017 change of address stating his new address was the Pascagoula Restitution

Center.  [12]  As of September 12, 2017, the MDOC web site indicated Fields was at the Hinds

County Restitution Center, although Fields never filed a change of address to that facility.  On

September 15, 2017, Respondent served Fields with a second copy of the Motion to Dismiss at the

Hinds County Restitution Center.  [16]  At the present time, the MDOC web site does not show

Fields as an inmate in any MDOC facility, or as a parolee.

Respondent urges the petition should be dismissed because Fields failed to exhaust state

court remedies prior to filing this action, he has failed to state a constitutional claim, and the

issues presented are now moot.

<u>Law and Analysis</u>

Respondent submits that Fields' first ground for relief regarding the MDOC's failure to

place him in a restitution center presents no viable claim for federal habeas relief.  "[A] prisoner

has no constitutional right to be housed in a particular facility." *Barber v. Quarterman*, 437 F.

App'x 302, 304 (5th Cir. 2011);  *Fields v. Fisher*, 2016 WL 5415905, at *2 (S.D. Miss. 2016).

The statutory authority to determine where to place convicted offenders committed to the MDOC

rests with the MDOC, and a sentencing Court's commitment of an offender is to the MDOC, not

to a particular facility. MISS. CODE ANN. § 47-5-110.  The undersigned agrees with Respondent

that Fields' ground one fails to state a constitutional claim.  Indeed, this Court has previously so

held in Fields' earlier habeas action, *Fields v. Fisher*, 2016 WL 5415905, at *2 (S.D. Miss.

2016), Civil Action No. 3:16cv97-DPJ-JCG, dismissed with prejudice on September 27, 2016,

for failure to exhaust and failure to state a claim.  Even were it otherwise, this issue would be

moot in light of the fact that since filing the present petition, Fields has been placed on earned-

release supervision, placed in two restitution centers, and apparently discharged from custody by

the MDOC.

In addition, Respondent asserts that Fields "acknowledges in his habeas petition" that the

grounds he states for relief have neither been presented to nor ruled upon by the Mississippi

Supreme Court,[1] thus they are subject to dismissal for failure to exhaust state court remedies.  "A

fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all

claims in state court ... prior to requesting federal collateral relief.  *See*, *Rose v. Lundy*, 455 U.S.

509 (1982)." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995); *Fisher v. Texas*, 169 F.3d 295,

302 (5th Cir. 1999);  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  By statute:

> (b)(1)  An application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)   there is either an absence of available State corrective process; or
>
> (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.
>                         ***
> (c)  an applicant shall not be deemed to have exhausted the remedies available in

---

[1]The petition bears this out, and Mississippi Supreme Court records confirm that Fields has not given the state's highest court an opportunity to review his claims.

the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, a federal habeas petitioner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. That is, the prisoner must first present his claims to the state's highest court in a procedurally proper manner and afford that court a fair opportunity to pass upon them because, "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-842 (1999).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Fields' petition be dismissed with prejudice for failure to exhaust and failure to state a claim.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after service of a copy of this Report and Recommendation, a party may file written objections to it, specifically identifying findings, conclusions, and recommendations to which he objects. *L.U.Civ.R.* 72(a)(3). The District Court need not consider frivolous, conclusive, or general objections. Any responses to objections must be filed within seven days after service. Failure to timely file written objections bars a party, except on grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 10th day of January, 2018.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE